# IN THE COURT OF APPEALS OF IOWA

No. 19-1130
Filed September 25, 2019

**IN THE INTEREST OF D.S. and X.L.,**
**Minor Children,**

**D.H., Mother,**
    Appellant,

**L.L., Father of X.L.,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

A mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Teresa M. Pope of Branstad & Olson Law Office, Des Moines, for appellant mother.

Nicholas Einwalter, Des Moines, for appellant father of X.L.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

Paul White of Juvenile Public Defender Office, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother and father separately appeal the juvenile court decision terminating their parental rights. Statutory grounds for termination of parental rights exist as to each parent, an extension is unwarranted, and termination is in the children's best interests. We affirm on both appeals.

## I.     Background Facts & Proceedings

D.H. is the mother of X.L., born in 2016, and D.S., born in 2017. L.L. is X.L.'s father; J.S. is the father of D.S. The mother's rights had been terminated to another child in 2014 due to the mother's substance-abuse and mental-health issues and gaps in visitation.

On December 29, 2016, X.L. was removed from the mother's care when the child was found with the mother in the location of a drug bust. The mother was actively using methamphetamine and marijuana. At that time, L.L. was in jail for violating a domestic abuse no-contact order prohibiting contact with the mother. On February 7, 2017, X.L. was adjudicated a child in need of assistance (CINA). The mother participated in services and treatment, and X.L was returned to her care. D.S. remained in the mother's custody after birth. The CINA case was closed on August 21, 2018, with a safety order in place and X.L. in the mother's sole legal custody. L.L. did not participate in any services relating to domestic violence or substance abuse.

The day after the CINA case closed, the Department of Human Services (DHS) received reports of domestic violence between the mother and L.L. in the children's presence. Unknown to DHS, the mother had relapsed in late July; L.L. was also reportedly using illegal substances. L.L. was living with the mother and

the children at the time. The mother and L.L. refused to comply with DHS investigations into the domestic-abuse and substance-abuse allegations. On October 1, both children were removed from the mother's custody. Both children tested positive for methamphetamine and the older child tested positive for marijuana. The children were placed in foster care. The court adjudicated the children as CINA on November 21.

In December, the court ordered the mother to obtain substance-abuse treatment, mental-health treatment, medication management, and domestic-violence services. The older child was placed with the paternal grandmother; the younger child continued in foster care. In February 2019, the court ordered the mother to set up therapy and child-parent psychotherapy for the older child. The mother did not set up the services until just prior to the termination hearing, which was held on May 24 and 29.

The mother began several substance-abuse treatment programs starting in January 2019 but did not complete them. She had been in a residential treatment program for a month at the time of the termination hearing but reported she did not like it. The mother only attended two mental-health appointments with her therapist. However, she testified she was participating in therapy as part of substance-abuse treatment. The mother discontinued her medication after the prior CINA case closed and restarted a week prior to the termination hearing. The mother was inconsistent in attending visitation and has not completed recommended parenting classes. She continues to be in contact with L.L. and minimizes their domestic violence.

L.L. was incarcerated or had a warrant out for his arrest throughout this CINA proceeding. He has unresolved substance-abuse and mental-health issues. He blames the mother for the domestic violence. L.L. did not request any visits during the juvenile proceedings, did not ask DHS about X.L.'s wellbeing, and has not provided child support. Although X.L. is in the paternal grandmother's care, it does not appear L.L. is involved with his child.

J.S. did not participate in services and has not had any contact with DHS or D.S.

On June 19, following the hearing, the mother's parental rights were terminated pursuant to Iowa Code section 232.116(1)(d), (g), and (h) (2019). L.L.'s rights were terminated pursuant to section 232.116(1)(b), (d), (e), and (h).[1]

The mother appeals, seeking reversal of the termination and removal orders, requesting a six-month extension, and claiming termination is not in the best interests of the children. L.L. appeals, claiming insufficient evidence supports termination of his parental rights, asserting termination is not in the best interests of the child, and requesting a six-month extension.

## II.      Standard of Review

We review termination-of-parental-rights cases de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "There must be clear and convincing evidence of the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Clear and convincing evidence means there are "no serious or substantial doubts as to the correctness of conclusions of law drawn from the

---

[1] J.S.'s parental rights were terminated pursuant to section 232.116(1)(b), (d), (e), and (h). He does not appeal.

evidence." *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017) (internal quotation marks and original alterations omitted) (citation omitted). The paramount concern in termination proceedings is the best interest of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

### III.    Analysis

The parents independently claim insufficient evidence supports the termination of their parental rights, the court should have granted them additional time to resolve the problems causing the removal, and termination is not in the children's best interests.

**A.    Sufficiency of the evidence.**  The mother claims there is insufficient evidence to terminate her rights under section 232.116(1)(d). However, the mother does not contest the evidence supports termination of her rights under subsections (g) and (h).  L.L. claims the court erred in terminating his rights under section 232.116(1)(b), (d), and (e). He does not contest termination under subsection (h). The State concedes termination was not proper for either parent under subsection (d) because no relevant CINA adjudication found a nonaccidental physical injury to the child required for a finding of "physical abuse or neglect." *See* Iowa Code § 232.2(42).

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *A.B.*, 815 N.W.2d at 774.  If a parent does not dispute a ground for termination, we need not evaluate if that ground exists. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  Because neither parent challenges termination pursuant to section 232.116(1)(h), and the mother does not challenge

under paragraph (g), we affirm termination of each parent's rights on those grounds. *See id.*

**B.** **Extension.** The mother claims the court should have granted her additional time to work toward reunification pursuant to section 232.104(2)(b). When the court grants an extension under this section, it must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). The mother claims her recent engagement in substance-abuse treatment, mental-health therapy, and medication management constitute justification for an extension.

The court considered the request and found additional time would not lead to reunification. In particular, the court noted the mother's recent reengagement in services, short sobriety period, lack of recognition of her failed sobriety as a reason for the children's removal, and her history of immediate relapse after previous juvenile court cases closed. We agree with the court's reasoning and find a six-month extension for the mother was unwarranted. *See A.B.*, 815 N.W.2d at 778 ("[E]vidence of the parent's past performance . . . may be indicative of the quality of the future care that parent is capable of providing." (citation omitted)).

L.L. has not engaged in services throughout the proceedings. He bases his request for a six-month extension on the mother's engagement in treatment. He offers no changes he would effect within six months to be able to reunite with the child. An extension for L.L. is unwarranted.

**C.    Best Interests of the Children.**  The mother claims she has a good relationship with the children and met their needs on a full-time basis in the prior CINA case.  She argues the court should have found it is not in the children's best interests to terminate her parental rights.  L.L. claims the best interests of the older child is to return the child to the mother and allow him supervised visitation under the custodial order.

We give primary consideration to the children's safety; the best placement for the long-term nurturing and growth of the children; and the physical, mental, and emotional needs of the children.  Iowa Code § 232.116(2).  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *P.L.*, 778 N.W.2d at 41.  Parenting must be constant, responsible, and reliable.  *A.B.*, 815 N.W.2d at 777 (citation omitted).  Although the mother has made recent steps toward progress, the children's lives have been unstable and uncertain while in the mother's custody.  "It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together."  *Id.* at 778 (citation omitted).  We find it is in the children's best interests to terminate the parental rights of the mother and L.L.

**AFFIRMED ON BOTH APPEALS.**